UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAWNDELL EVERSON,

                        Petitioner,

    -against-                                              9:22-CV-0095 (LEK/ML)

JULIA WOLCOTT,

                        Respondent.

## DECISION AND ORDER

### I.    INTRODUCTION

Petitioner Shawndell Everson seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition").[1] Petitioner also remitted the statutory filing fee. Dkt. Entry for Pet. (indicating receipt information for the filing fee transaction).

### II.    THE PETITION

Petitioner challenges a 2011 judgment of conviction in Onondaga County, upon a jury verdict, of two counts of first degree robbery, one count of first degree burglary, fourth degree conspiracy, and various other charges related to the possession or sale of guns and drugs. Pet. at 1–2; People v. Everson, 158 A.D.3d 1119, 1120 (4th Dep't 2018). The New York State Supreme Court, Appellate Division, Fourth Department, affirmed the judgment of conviction, and ultimately, on July 31, 2018, the New York Court of Appeals denied leave to appeal. Pet. at 2–4; see also Everson, 158 A.D.3d at 1123, reargument denied, 160 A.D.3d 1506 (4th Dep't 2018), lv. to appeal denied, 31 N.Y.3d 1081 (2018), reconsideration denied 31 N.Y.3d 1147 (2018).

---

    [1] For the sake of clarity, citations to Petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Petitioner applied for a writ of certiorari which, on February 25, 2019, the United States Supreme Court denied. Pet. at 4; Everson v. New York, 139 S. Ct. 1269 (2019).

Petitioner also contends that on June 14, 2014, he filed a 440 motion in Onondaga County Court. Pet. at 4. On October 4, 2015, the County Court denied the motion. Id. Petitioner sought leave to reargue and, on April 30, 2018, the Fourth Department denied his application. Id. at 5. Petitioner sought reconsideration from the Court of Appeals, which was denied on May 31, 3018. Id. at 5–6.[2]

Petitioner indicated that he filed a second 440 motion; however, he did not provide the date on which it was filed. Pet. at 22–23. Petitioner previously filed a habeas petition in this Court, challenging the same conviction, which was ultimately dismissed without prejudice and with a right to renew once Petitioner had fully exhausted his state court remedies, namely this second 440 motion. Everson v. Noeth, No. 20-CV-0084, 2020 WL 950284 (N.D.N.Y. Feb. 27, 2020) ("Everson I"). In Everson I, this Court directed Petitioner to file an affirmation clarifying the procedural posture of the second 440. Id. at 1. Petitioner stated that the motion was filed on December 19, 2019, in Onondaga County Court, arguing ineffective assistance of counsel. Id. at 1. The second 440 motion was denied, without a hearing, by the county court on August 26, 2020. Pet. at 23. The Fourth Department denied leave to appeal on October 22, 2021. Id.

Petitioner contends that he is entitled to federal habeas relief because (1) he was subjected to a "[p]attern of Sixth Amendment Public Trial Infringment's [sic]," whereby, on five instances,

---

[2] The Fourth Department consolidated Petitioner's first motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440 ("440 motion") with his direct appeal; accordingly, both motions were denied in the same decision. See People v. Everson, 158 A.D.3d 1123, 1123 (4th Dep't 2018) (explaining that Petitioner's 440 motion was subsumed into the analysis and holding of Everson, 158 A.D.2d 1123).

individuals were unlawfully ejected or precluded from entering the courtroom, Pet. at 6–9; (2) his trial counsel was constitutionally ineffective, id. at 9–11, 22–23; (3) there was judicial bias, id. at 11–14; (4) Petitioner experienced "[d]eprivation of counsel of [his] choice [and r]easonable adjournment," id. at 14–16; (5) Petitioner's indictments were defective and, therefore, the court lacked jurisdiction over his case, id. at 17–19; (6) there was prosecutorial misconduct, id. at 19–20; and (7) Counts 17–19 were not supported by legally sufficient evidence, id. at 20–22. For a complete statement of Petitioner's claims, reference is made to the Petition.

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. Id. § 2244(d)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 149–50 & n.9 (2012).[3]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has

---

[3] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)–(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

completed direct review of the case. Id. at 150; Saunders v. Senkowski, 587 F.3d 543, 547–49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Saunders, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. Saunders, 587 F.3d at 548; Smith, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010); see Smith, 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

Here, Petitioner's conviction became final on February 25, 2019, when his writ of certiorari was denied. 28 U.S.C. § 2244(d)(1)(A); Gonzalez, 565 U.S. at 149–50 & n.9. Therefore, Petitioner had until February 25, 2020, to timely file the instant Petition. The Petition, purportedly placed in the mail on December 31, 2021, was filed one year and ten months too late.[4]

While the statute of limitations will be statutorily tolled while Petitioner's properly filed collateral attacks were pending, his habeas petition still appears untimely. Petitioner's first 440 motion was decided before his conviction became final and the limitations period began to run; therefore, it cannot be used for tolling purposes. See Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005) ("To toll the AEDPA statute of limitations, the state petition must be . . . pending during the tolling period.") (internal quotation marks omitted).

Petitioner's second 440 motion was filed on December 19, 2019, after 297 days of the limitations period had run. Statutory tolling applied for the time which the second 440 motion was pending, from December 19, 2019, to October 22, 2021, when the appellate division denied Petitioner's application for leave to appeal. Petitioner had sixty-eight (68) days, or until December 29, 2021, to timely file the instant action. The Petition, being placed in the prison mail system on December 31, 2021, was filed two days too late. Pet. at 27.

On a related note, the signature page of the Petition indicates that it was signed by Petitioner on January 31, 2021. Pet. at 27. This seems odd because it means that the Petition was signed almost a year before it was placed in the mail system and ten months prior to the

---

[4] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988)

5

resolution of Petitioner's second 440 motion. It appears more likely that Petitioner made a mistake, given the new year, and the Petition was actually signed on January 31, 2022, which is consistent with the postmark on the envelope in which the Petition was mailed. See Dkt. No. 1-1 at 1. If this is the case, then the Petition could not have been placed in the facility's mail system a month earlier and, instead, the date the instant Petition was filed was more likely January 31, 2022. In that event, the instant action would be untimely by approximately thirty-three (33) days.

There are no facts presented in this Petition which would indicate that equitable tolling applies. The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. Day v. McDonough, 547 U.S. 198, 209–11 (2006). Accordingly, Petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that clarifies the inconsistency on the signature page of his Petition and explains why the statute of limitations should not bar this action. The affirmation shall not exceed fifteen (15) pages in length. If Petitioner fails to comply with this order, this Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

IV.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, clarifying the inconsistency on the signature page and explaining why the statute of limitations should not bar this Petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any

state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If Petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If Petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the Petition will be required from the respondent until Petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED,** that upon Petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED,** that if Petitioner fails to submit the required affirmation, this Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED,** that the Clerk is directed to serve a copy of this Order on Petitioner in accordance with the Local Rules.

DATED:  February 7, 2022
        Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge