**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHAWNDELL EVERSON,

                        Petitioner,

       -v-                                       9:22-CV-00095 (AMN/ML)

JULIA WOLCOTT,

                        Respondent.

---

**APPEARANCES:**                                  **OF COUNSEL:**

**SHAWNDELL EVERSON**
11-B-0700
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14044
Petitioner, *pro se*

**HON. LETITIA JAMES**                    **PRISCILLA I. STEWARD, ESQ.**
New York State Attorney General       Assistant Attorney General
28 Liberty Street
New York, NY 10005
*Attorneys for Respondent*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

On February 2, 2022, Petitioner *pro se* Shawndell Everson, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 ("Petition"). Dkt. No. 1. On July 22, 2022, Respondent submitted certain records and moved to dismiss the Petition as time-barred ("Motion"). Dkt. Nos. 11-12. On September 15-16, 2022, Petitioner filed a traverse and affidavit in opposition to Respondent's Motion. Dkt. Nos. 13-14.

This matter was referred to Magistrate Judge Lovric, who, on September 26, 2022, issued

a Report-Recommendation and Order ("Report-Recommendation") recommending that the Motion be denied and Respondent receive 60 days to file an answer addressing the merits of the Petition.  Dkt. No. 15 at 16.[1]  Magistrate Judge Lovric advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days to file written objections and failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 16-17.  On October 6, 2022, Respondent moved for an extension of time to file objections.  Dkt. No. 16.  On October 7, 2022, United States Senior District Judge Lawrence E. Kahn[2] denied the requested extension.  Dkt. No. 17.  On October 11, 2022, Respondent filed objections, although the time for doing so had expired.  Dkt. No. 18.  On November 3, 2022, Petitioner filed a response to Respondent's objections.  Dkt. No. 22.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error'

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] This case was reassigned to the undersigned on January 19, 2023.  Dkt. No. 25.

review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

The Court adopts those portions of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.  Dkt. No. 15 at 1-6, 6-12.

With respect to those portions of the Report-Recommendation to which Respondent specifically objects, the Court notes as an initial matter that Respondent's objections are untimely. Petitioner correctly asserts that Respondent's objections were filed after the due date and cites authority in support of his argument that Respondent's untimely objections should not be considered.  *See* Dkt. No. 22 at 2 (citing *Roldan v. Racette*, 984 F.2d 85, 87 (2d Cir. 1997) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a)); *see also* Dkt. No. 15 at 16-17 (same).  For the reasons stated within those authorities, the Court agrees that it need not consider Respondent's untimely objections.[3]

---

[3] The Court notes, however, that Petitioner's cited authority makes clear that the Court has the authority to consider untimely objections in certain situations.  *See Roldan*, 984 F.2d at 89.

Nonetheless turning to the substance of Respondent's arguments, the Court finds them unpersuasive. Respondent raises essentially one specific objection to the Report-Recommendation: that Magistrate Judge Lovric misapprehended the significance of certain "documentary evidence" Respondent had submitted in support of its position that Petitioner untimely filed the Petition. *Compare* Dkt. No. 18 at 2, 7-8, 10-11, 13-16*, with* Dkt. No. 15 at 14-15. More particularly, Respondent argues that the differences between the disbursement request form presented by Petitioner, *see* Dkt. No. 3 at 8, and the disbursement request form presented by Respondent, *see* Dkt. No. 11 at 53, are due to rubber stamps appearing only on the original form (retained by the prison's business office) and not the carbon copies (one of which was provided to Petitioner), because "such rubber stamps do not make impressions, [and thus] the markings would not transfer to carbon copies." Dkt. No. 18 at 8. Respondent submitted an affidavit in support, detailing the mechanics of rubber stamps. Dkt. No. 18-1. Respondent's objection fails for three reasons.

*First*, while Respondent is correct that Magistrate Judge Lovric found the difference between the disbursement request forms to be "compelling," *see* Dkt. No. 18 at 10-11, the Report-Recommendation included a much lengthier discussion detailing Magistrate Judge Lovric's findings on the issue of the Petition's timeliness. *See* Dkt. No. 15 at 12-15. The Court has reviewed that analysis *de novo* and—even setting aside the limited piece to which Respondent objects— agrees with its overall conclusion for the reasons set forth in the Report-Recommendation. *Id.*

*Second*, the Court has also reviewed *de novo* the parties' submissions to Magistrate Judge Lovric. The Court finds the affidavits supporting Respondent's "documentary evidence" argument largely unpersuasive. The affidavit from an individual in the prison's business office states that:

> [Petitioner]'s disbursement request form shows that a correction officer verified the
> form and signed and dated it on January 19, 2022. The hall captain stamp was also

placed on the form over the signature of the corrections officer.  According to the date-stamp on the right side of the form, the request was received for processing by the business office that same day at 1:27 p.m.

Dkt. No. 10-2 at ¶ 11.  This statement does not address what, if any, action Petitioner took with respect to the disbursement request form at any time after the date on which Petitioner asserts that he mailed it (December 20, 2021), including on January 19, 2022.  Similarly, the affidavit from a corrections officer at the prison states that:

> As the Corrections Officer assigned to collect disbursement request forms from inmates, I collected, signed, and dated [Petitioner]'s disbursement request form on January 19, 2022, on the line designated "Source Area."  The form was then stamped by the hall captain and sent to the business office.

Dkt. No. 10-3 at ¶ 12.  This statement substantiates that prison personnel took actions with respect to the Petition on January 19, 2022, but, as drafted, it does not clearly establish that the affiant collected—*from Petitioner*—the disbursement request form on January 19, 2022.[4]

In contrast, Petitioner swears that he "never personally received my disbursement, and petition back after it was submitted on December 20, 2021, for processing and delivery" and that "[a]fter petition and disbursement was turned over to facility personnel, I never again retain possession of it; nor given any indication, or notice that there was any discrepancy in processing it."  Dkt. No. 13 at ¶¶ 10-11.  Additionally, the third party who notarized Petitioner's affidavit of

---

[4] Without minimizing the information provided in these affidavits—which the Report-Recommendation discussed in detail, *see* Dkt. No. 15 at 5-6—the Court further notes that while each affidavit explains the general procedures by which the prison processes mail, neither demonstrates personal knowledge of potentially relevant aspects of the processing of the Petition in this case, including when Petitioner initially presented the Petition for mailing; when the Petition was initially received by the business office; when the Petition was allegedly returned to Petitioner for verification; and whether an incarcerated individual who "date[s] a disbursement request form well in advance of presenting the form for processing," has his form accepted for processing or whether such pre-dating results in delayed processing because the form must be returned to the individual for accurate dating.  Dkt. No. 10-2 at ¶ 7; Dkt. No. 10-3 at ¶ 7; *see generally* Dkt. Nos. 10-2, 10-3.

service dated the notarization December 20, 2021, which—as the Report Recommendation correctly found—is consistent with Petitioner's claim that he presented the Petition for mailing that day.  Dkt. No. 15 at 5, 15.

Having reviewed these materials *de novo*, the Court agrees with the Report-Recommendation's conclusion that "given the deference accorded to a *pro se* petitioner and the factual inconsistences which abound on both sides, it cannot be said that petitioner can prove no set of facts to demonstrate that his petition was untimely or entitled to tolling."  Dkt. No. 15 at 15; *see also Hardy v. Conway*, 162 F. App'x 61, 63 (2d Cir. 2006) (summary order) (applying the "mailbox rule" and concluding that "[g]iven the lenient standards we apply to the filings of *pro se* litigants, we are unwilling to conclude on an ambiguous record that [the incarcerated defendant]'s submission was untimely").[5]

*Third*, Respondent's caselaw argument was already presented to Magistrate Judge Lovric and Respondent merely rehashes that argument here.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6; Dkt. No. 15 at 13-14.  The argument remains unpersuasive.  Respondent relies primarily on *Brown v. Smithem*, No. 15-CV-1458 (BKS/CFH), 2017 WL 1155825 (N.D.N.Y. Feb. 28, 2017).  In *Brown*, an incarcerated individual attempted to mail a complaint without adequate postage, had it returned to him by prison authorities, and then submitted revised materials for mailing nearly two

---

[5] Consistent with this finding, the Court further notes that a number of Petitioner's papers appear to have encountered significant delay between the date he claims to have presented them to prison authorities for mailing—which, pursuant to the "mailbox rule" for incarcerated individuals, *see Houston v. Lack*, 487 U.S. 266, 270 (1987), constitutes the date on which the papers are considered filed—and the date on which those papers were ultimately received by the Clerk's Office. *Compare* Dkt. No. 3 at 6 (Petition affidavit of service notarized on December 20, 2021), *with* Dkt. No. 1-1 (Petition received by Clerk's Office on February 2, 2022); *compare* Dkt. No. 13-2 (traverse affidavit of service dated August 20, 2022)*, with* Dkt. No. 13-3 (traverse received by Clerk's Office on September 15, 2022); *compare* Dkt. No. 14 at 2 (affirmation dated August 4, 2022)*, with* Dkt. No. 14-1 (affirmation received by Clerk's Office on September 16, 2022).

months later.  *Brown*, 2017 WL 1155825 at *4.  As the Report-Recommendation correctly found, "[h]ere, the situation is patently different.  In the instant case, petitioner remains steadfast that he placed his petition and disbursement form properly into the facility's mail system on December 20, 2021, and never saw any of those documents again."  Dkt. No. 15 at 13.  Further, the record in *Brown* established when, within a span of days, the package at issue was actually returned to the incarcerated individual.  *Brown*, 2017 WL 1155825 at *4.  In contrast, Respondent's contention here is simply that the Petition was returned to Petitioner "on some date prior to January 19, 2022." Dkt. No. 18 at 12.  *Brown* is thus distinguishable.[6]

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Respondent's Motion, Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that that Respondent file and serve an answer to the petition, and provide the Court with the relevant records,[7] within sixty (60) days of the date of this Order; and the Court further

**ORDERS** that Petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of Respondent's answer.  If Petitioner chooses to file a reply, it must not exceed

---

[6] As noted in the Report-Recommendation, Respondent may revisit her arguments regarding timeliness when she addresses the Petition's merits.  Dkt. No. 15 at 15-16.

[7] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Section XIII, Rule 1.1 of the Northern District of New York Local Rules. Respondent shall mail to Petitioner copies of any cited decisions exclusively reported on computerized databases, e.g., Westlaw, Lexis, but need not file copies of those decisions with the Court.  N.D.N.Y. L.R. 7.1(b)(1).

fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by Respondent's answer and memorandum of law in opposition to the Petition.  This Court will not consider any new grounds for relief or other legal theories asserted by Petitioner in his reply that were not previously asserted by him in his Petition. If Petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of Respondent's papers, he may forfeit his opportunity to file a reply; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 11, 2024</u>
       Albany, New York

Anne M. Nardacci
U.S. District Judge