UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHAWNDELL EVERSON,

                Petitioner,

             -v-                                            9:22-CV-95 (AJB/ML)

JULIA WOLCOTT,

                Respondent.[1]

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SHAWNDELL EVERSON<br>Petitioner, Pro Se<br>11-B-0700<br>Sing Sing Correctional Facility<br>354 Hunter Street<br>Ossining, NY 10562 | |
| HON. LETITIA JAMES<br>New York State Attorney General<br>Attorneys for Respondent<br>28 Liberty Street<br>New York, NY 10005 | PRISCILLA I. STEWARD, ESQ.<br>Assistant Attorney General |

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

      On February 2, 2022, *pro se* petitioner Shawndell Everson ("petitioner"), an individual in the custody of the New York State Department of Corrections and Community Supervision, filed this 28 U.S.C. § 2254 petition for a writ of habeas corpus seeking relief from a 2011 judgment of conviction in Supreme Court, Onondaga County. Dkt. No. 1. Petitioner paid the filing fee.

---

[1] Petitioner filed this petition while he was housed at Attica Correctional Facility and correctly named as respondent the Attica C.F. Superintendent Julia Walcott. Because petitioner is currently being housed at Sing Sing Correctional Facility, the Clerk of the Court is directed to amend the caption to substitute Sing Sing C.F. Superintendent Marlyn Kopp as the proper respondent. *See* FED. R. CIV. P. 25(d).

The matter was initially assigned to Senior U.S. District Judge Lawrence E. Kahn, who ordered petitioner to file a written affirmation explaining why the statute of limitations did not bar his petition. Dkt. No. 2. Upon receipt of petitioner's affirmation, Dkt. No. 3, Judge Kahn ordered respondent Julia Wolcott, the Attica C.F. Superintendent ("respondent"), to respond to the petition, Dkt. No. 4. Respondent moved to dismiss the petition as time-barred. Dkt. No. 10.

That motion was fully briefed and referred to U.S. Magistrate Judge Miroslav Lovric, who advised by Report & Recommendation ("R&R") that respondent's motion to dismiss be denied and that respondent be given sixty days in which to answer the § 2254 petition on the merits. Dkt. No. 15. The matter was reassigned to U.S. District Judge Anne M. Nardacci, who adopted the R&R over respondent's objections on April 12, 2024. Dkt. No. 28. Thereafter, the parties briefed the petition, which was referred to the magistrate judge for a second R&R. Dkt. Nos. 35, 36, 45. The matter was reassigned to this Court on January 23, 2025. Dkt. No. 46.

On April 1, 2025, Judge Lovric advised by R&R that the petition should be denied and dismissed. Dkt. No. 47. Judge Lovric's R&R addressed the eight grounds raised in the petition and concluded that none of the arguments provided a basis for relief from the conviction. *Id*. As Judge Lovric explained, each ground was procedurally barred, not cognizable on federal habeas review, and/or meritless. *See id*. Finally, because petitioner failed to make a substantial showing of the denial of any of his constitutional rights, Judge Lovric recommended that no certificate of appealability should be issued. *Id*.

Petitioner sought and received three extensions of time in which to lodge objections to the R&R. Dkt. Nos. 48, 49, 50, 51, 52, 53. However, petitioner did not file any objections by the thrice-revised deadline of July 16, 2025. Dkt. No. 53. Instead, on June 25, 2025, petitioner filed a renewed motion for the appointment of counsel. Dkt. No. 54.

Upon review for clear error, the R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b). Petitioner's renewed motion for counsel must be denied for substantially the reasons set forth in Judge Lovric's prior decision denying counsel—there is no general constitutional right to representation in a habeas proceeding and the discretionary appointment of counsel should be denied where, as here, the petitioner's claims may fairly be heard on the basis of the written submissions. Dkt. No. 38. Here, it is clear from a review of Judge Lovric's R&R that petitioner's claims of error were fully briefed and thoroughly analyzed in the briefing. Because petitioner's renewed motion for counsel does not articulate a basis on which to depart from that previous conclusion, the motion must be denied again.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 47) is ACCEPTED;

2. The petition (Dkt. No. 1) is DENIED and DISMISSED;

3. No Certificate of Appealability will be issued; and

4. Petitioner's (Dkt. No. 54) motion to appoint counsel is DENIED.

**IT IS SO ORDERED.**

Dated:  July 25, 2025
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge